UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs. Case No. 16-14151

THOMAS J. BARROW, HON. AVERN COHN

Defendant.

_________________________________/

**MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (Doc. 9)**[1]

I.

This is a debt collection case. Plaintiff, the United States of America (the government) sued to collect on a tax debt owed by defendant Thomas J. Barrow. As will be explained, defendant did not appear or otherwise defended the case. Accordingly, the Clerk entered a default against defendant and eventually, a default judgments.

Before the Court is defendant's motion to set aside the Clerk's entry of default (Doc. 9). For the reasons that follow, the motion is DENIED.

II.

In 2016, the government brought this action to reduce to judgment defendant's joint federal income tax liabilities for 2004-12 and 2014, as well as his individual federal

---

[1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

income tax liabilities for 1987-88.[2]

On November 25, 2016, the government filed its complaint. (Doc. 1). On November 28, 2016, the government's counsel mailed defendant copies of the Complaint, FRCP 4, the standard form Notice of a Lawsuit and Request to Waive Service of a Summons (AO 398) (Notice of Waiver), two copies of the standard form Waiver of the Service of Summons (AO 399) (Waiver Form), a stamped, self-addressed envelope, and a cover letter. The cover letter requested that the defendant return the signed Waiver Form by December 28, 2016. See Exhibits 2, 3 to defendant's motion

On January 11, 2017, the government's counsel filed the signed Waiver Form that he received in the mail from defendant. (Doc. 3). The Waiver Form, which is signed by Defendant, states that "I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 11/28/16, the date when this request was sent….If I fail to do so, a default judgment will be entered against me or the entity I represent." See Exhibit 2 to defendant's motion. Thus, defendant had 60 days from November 28, 2016, or January 27, 2017 in which to file an answer or other response to the complaint. Similarly, the Notice of Waiver states that "you will have 60 days from the date this notice is sent (see the date below) [November 28, 2016] to answer the complaint." See Exhibit 2 to defendant's motion. Defendant did

---

[2]Defendant has been a party in at least two other court proceedings involving his federal taxes. In 1994, defendant was convicted in this district on various charges brought by the government, including income tax evasion for tax years 1987 and 1988, and filing false tax returns for those years. United States v. Barrow, 93-cr-81042 (E.D. Mich.) In addition, defendant litigated a case in Tax Court, in which the Tax Court determined, after trial, that defendant owed deficiencies, including fraud penalties, for 1987 and 1988. Barrow v. Comm'r, T.C. Memo 2008-264, 2008 WL 5000112 (Nov. 25, 2008).

not file an answer or otherwise appear in the case by January 27, 2017.

Accordingly, on February 2, 2017, the government filed a Request for Clerk's Entry of Default. (Doc. 4). The request was served on defendant by U.S. Mail sent to the address shown on the signed Waiver Form. The Clerk entered default the next day, on February 3, 2017. (Doc. 5).

On February 13, 2017, the government then filed a Request for Clerk's Entry of Default Judgment. (Doc. 6). A copy of the request was served on defendant by U.S. Mail sent to the address shown on the signed Waiver Form. The Clerk entered default judgment the same day, on February 13, 2017. The judgment is in the amount of $385,056.09 plus applicable interest for unpaid joint federal income tax liabilities for 2004-2012 and 2014 and $653,984.93 plus applicable interest for unpaid individual federal income tax liabilities and civil fraud penalties for 1987 and 1988. (Doc. 8).

Eleven days after entry of default judgment, on February 24, 2017, defendant filed the instant motion. (Doc. 9). The government, at the Court's request, filed a response. (Doc. 11).

III.

At the outset, defendant incorrectly treats his motion as seeking relief from Clerk's entry of default, when in fact default judgment has already been entered. Thus, the standard applicable to setting aside a default judgment, not a Clerk's entry of default, applies.

Fed. R. Civ. P. 55(c) governs setting aside a default. It reads:

> (c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The decision to set aside a default is left to the court's discretion. Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 193 (6th Cir. 1984).

As noted above, Rule 60(b) applies. It sets forth the following grounds for setting aside a default judgment: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released or discharged; (6) any other relief justifying relief from judgment. Fed. R .Civ. P. 60(b)(1)-(6). The Court must apply Rule 60(b) "equitably and liberally . . . to achieve substantial justice." United Coin Meter Co. v. Seaboard Coastal Line R.R., 705 F.2d 839, 844–45 (6th Cir. 1983). The decision to vacate a default judgment is entrusted to the trial court's discretion. In re Walter, 282 F.3d 434, 440 (6th Cir. 2002).

In United Coin Meter Co., 705 F.2d at 845, the Sixth Circuit set forth three factors to be considered in deciding a Rule 60(b) motion: (1) whether plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. The Sixth Circuit has further explained that the "culpable conduct" factor is the most critical consideration in a motion to set aside a default judgment under Rule 60(b)(1). See Waifersong, Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.1992).

IV.

Defendant has not satisfied either the culpability or meritorious defense standard. As to culpable conduct, although defendant filed his motion eleven days after entry of default judgment, he fails to mention that he took no action after being served with a copy of the Clerk's entry of default. In addition, defendant failed to comply with the

language in the Waiver Form, which states that "I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 11/28/16, the date when this request was sent….If I fail to do so, a default judgment will be entered against me or the entity I represent." Defendant argues that he mistakenly took this to mean he had 60 days from the date he returned the Waiver Form to file an answer. This argument is not tenable in light of the fact that the Waiver Form clearly states that he had 60 days from 11/28/16, **or until 1/27/17**, to answer. Likewise, the accompanying Notice of Waiver also references a specific date – 11/28/16 – that triggers the beginning of the 60-day period for defendant to file an answer. Moreover, as the government points out, defendant is a sophisticated party. He founded his own certified public accounting firm, and he ran for mayor of Detroit several times. He also understands the court system, having been a defendant in a criminal tax proceeding in this district and a petitioner in a case in Tax Court which proceeded to trial. As such, defendant has not shown that his actions which led to the default judgment were the result of mistake, inadvertence, surprise, or excusable neglect. He therefore cannot establish the culpability element for Rule 60(b)(1).

Moreover, even if defendant could satisfy the culpability element, he has not showed that he has a meritorious defense. A defense is meritorious "if there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Burrell v. Henderson, 434 F.3d 826 at 834 (6th Cir. 2006). "If a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." Id. However, this does not mean that "a party opposing a default judgment [can] merely deny the plaintiff's allegations." See Joe Hand Promotions, Inc. v. Blue

Pearl, LLC, 2009 WL 5210842, at 2 (E.D. Ky. Dec. 23, 2009).

Here, defendant does nothing more than generally deny the government's allegations. He says he has a meritorious defense because "plaintiff incorrectly includes in liabilities amounts which are specifically precluded from assessment by 26 U.S.C. § 6501(a); plaintiff also improperly includes amounts which are prohibited from assessment by 26 U.S.C. § 6612(a)." Defendant's motion, at p. 9. However, defendant does not provide any explanation or evidence to support these arguments. His similar argument that "plaintiff herein also failed to apply payments as directed by me; plaintiff[] fails to apply refunds retained from previous periods" Defendant's motion, at p. 9, also fails to mention which payments were alleged misapplied, or which tax years they pertain to. Defendant also says that he "timely filed a request pursuant to 26 C.F.R. § 301.6330-1 for a 'Collection Due Process' Hearing which plaintiff simply and illegally ignored." Defendant's motion, at p. 9. However, defendant does not specify when he sent the hearing request, how he sent it to the IRS, and why he sent it. His argument that the IRS failed to properly apply the Tax Court's decision in his purported "successful challenge" to his 1987 and 1988 liabilities is similarly defective. He does not explain how the IRS failed to properly apply the decision, nor does he reference any specific portion of the decision to supports his argument that the Tax Court ruled in his favor as to his individual 1987 and 1988 tax liabilities. Overall, defendant has not established that he has a meritorious defense to this action.

Finally, if the Court were to grant Rule 60(b)(1) relief from default judgment, the government would be prejudiced by having to resume its decadeslong collection attempts. See United States v. Rouse, 2009 WL 1259964, at *4

(E.D. Mich. Apr. 30, 2009) (the government is prejudiced by having to wait longer to be repaid on 20-year-old loan guaranty).

That said, nothing in this order precludes the parties from reaching a payment agreement to satisfy the amounts due under the judgment.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2017
Detroit, Michigan